# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

    Plaintiff,

vs.                                                                                                     No. CIV 18-0094 JB\GJF

CENTRAL INTELLIGENCE AGENCY,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING FRIVOLOUS MOTIONS AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 23, 2018 (Doc. 16)("Protective Order 1"); (ii) the Plaintiff's Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 24, 2018 (Doc. 20)("Protective Order 2"),[1] and (iii) the Plaintiff's Ex Parte Motion to Seal[;] Motion to Review Highly Classified Source Information in Association to Covert Live Fire Operations and/or Their Counter Covert Counterparts[;] Motion to Electronically File[; and] Motion for a Hearing, filed September 6, 2018 (Doc. 21)("Ex Parte Motion")(collectively, "Motions"). Having reviewed the record, the Court determines that Plaintiff Gregory Edward Kucera's Motions constitute frivolous litigation intended to burden the Court's judicial resources. Accordingly, and for the reasons articulated below, the Court orders that Kucera's Motions be denied and that Kucera show cause why the Court should not restrict him from filing further documents in the above-captioned cause.

---

[1]These two documents, with the exception of one formatting change, are identical. See Protective Order 1 at 1-2; Protective Order 2 at 1-2. More importantly, they state that they are stipulated. They are not stipulated orders.

## KUCERA'S HISTORY OF FRIVOLOUS FILING

This lawsuit is one of six civil cases that Kucera has initiated in the United States District Court for the District of New Mexico since August, 2017. See Kucera v. Choi, No. CIV 17-0789 KG\SCY (dismissed for failure to state a claim); Kucera v. United States, No. CIV 17-1228 JB\KK (dismissed for lack of subject-matter jurisdiction); Kucera v. Central Intelligence Agency, No. CIV 18-0094 JB\GJF (this case -- dismissed for lack of subject-matter jurisdiction); Kucera v. Los Alamos National Labs., No. CIV 18-0095 JCH\SCY (dismissed for lack of subject-matter jurisdiction); Kucera v. Sandia Corp., No. CIV 18-0166 WJ\LF (dismissed for lack of subject-matter jurisdiction); Kucera v. Lawrence Livermore Nat'l Labs., No. CIV 18-0150 WJ\LF (dismissed for lack of subject-matter jurisdiction). The Court has dismissed each of Kucera's cases for similar grounds in that none of his claims featured a sufficient basis to survive prima facie jurisdictional or substantive scrutiny. Nevertheless, and in spite of this matter having already been dismissed, Kucera continues to tax the Court's resources with his vexatious and frivolous filings. The Court's order designs to end that practice now.

## COURT POWER TO IMPOSE FILING RESTRICTIONS

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not

support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

Landrith v. Schmidt, 732 F.3d 1171, 1174 (10th Cir. 2013).

## **ANALYSIS**

Having denied Kucera's Motions, the Court proposes to impose filing restrictions on Kucera. The Court orders Kucera to show cause why the Court should not enter the proposed filing restrictions. Absent a response from Kucera within fourteen days from the date of this Order, the Court will impose the proposed filing restrictions.

**I.      THE COURT PROPOSES FILING RESTRICTIONS.**

The Court finds that filing restrictions are appropriate to safeguard the Court from expending valuable resources addressing future frivolous filings. The Court proposes to impose the following filing restrictions on Kucera.

The Court will enjoin Kucera from making further filings in this case except objections to this order, a motion for leave to proceed on appeal in forma pauperis, or filings directly related to his pending appeal before the Tenth Circuit. The Court orders the Clerk of Court to return to Kucera -- without filing -- any additional submissions that Kucera makes in this case other than objections to this order, a motion for leave to proceed on appeal in forma pauperis, or filings directly related to his pending appeal before the Tenth Circuit unless: (i) a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or (ii) Kucera has obtained permission to proceed pro se in this action in accordance with the procedures for new pleadings set forth below.

## II. THE COURT GIVES KUCERA THE OPPORTUNITY TO BE HEARD.

The Court orders Kucera to show cause within fourteen days from the date of this order why this Court should not enter the proposed filing restrictions. The Court limits Kucera's written objections to the proposed filing restrictions to ten pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen days from the date of this Order and will apply to any matter filed after that time. If Kucera files a timely response, the proposed filing restrictions will not become operative unless the Court so orders, after it has considered the response and ruled on Kucera's objections.

**IT IS ORDERED** that: (i) the Plaintiff's Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 23, 2018 (Doc. 16), the Plaintiff's Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 24, 2018 (Doc. 20), and the Plaintiff's Ex Parte Motion to Seal[,] Motion to Review Highly Classified Source Information in Association to Covert Live Fire Operations and/or Their Counter Covert Counterparts[,] Motion to Electronically File[, and] Motion for a Hearing, filed September 6, 2018 (Doc. 21) are denied; and (ii) within fourteen days from entry of this Order, Plaintiff Gregory Edward Kucera shall show cause why this Court should not impose the proposed filing restrictions described above; if Kucera does not timely file objections, the proposed filing restrictions shall take effect fourteen days from the date of this Order and will apply to any documents filed after that time; if Kucera timely files objections, the proposed filing restrictions will take effect only upon entry of a subsequent order.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties*:

Gregory Edward Kucera
Santa Fe, New Mexico

    *Plaintiff pro se*