IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

    Plaintiff,

vs.                                                                                                                           No. CIV 18-0094 JB\GJF

CENTRAL INTELLIGENCE AGENCY,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR EXTENSION

**THIS MATTER** comes before the Court on the Plaintiff's untitled motion for an extension of time to supply the court with additional information, filed October 9, 2018 (Doc. 23)("Motion for Extension"). Plaintiff Gregory Edward Kucera appears pro se. For the reasons set forth below, the Court will deny Kucera's Motion for Extension.

## PROCEDURAL BACKGROUND

On May 31, 2018, the Court dismissed this case without prejudice for lack of subject-matter jurisdiction. See Kucera v. Cent. Intelligence Agency, 347 F. Supp. 3d 653 (D.N.M. 2018)(Browning, J.).

Kucera subsequently filed: (i) his Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 23, 2018 (Doc. 16); (ii) his Stipulated Protective Order and Request for Injunction Regarding Current Litigation, filed August 24, 2018 (Doc. 20); and (iii) his Ex Parte Motion to Seal[;] Motion to Review Highly Classified Source Information in Association to Covert Live Fire Operations and/or Their Counter Covert Counterparts[;] Motion to Electronically file[; and] Motion for a Hearing, filed September 6, 2018 (Doc. 21).

After reviewing the record, the Court "determine[d] that Plaintiff Gregory Edward Kucera's Motions constitute frivolous litigation intended to burden the Court's resources" and ordered that "Kucera show cause why the Court should not restrict him from filing further documents in" this case.  See Kucera v. Cent. Intelligence Agency, 2018 WL 5994528, 2018 U.S. Dist. LEXIS 164947; Memorandum Opinion and Order Denying Frivolous Motions and Order to Show Cause, filed September 25, 2018 (Doc.22)("Order to Show Cause").  The Court also ordered that,

> if Kucera does not timely file objections, the proposed filing restrictions shall take effect fourteen days from the date of this Order and will apply to any documents filed after that time; if Kucera timely files objections, the proposed filing restrictions will take effect only upon entry of a subsequent order.

Order to Show Cause at 4.

Kucera did not timely file objections.  On October 9, 2018, Kucera filed his Motion for Extension, stating:

> I did not receive proper notice of this memorandum opinion via pacer.gov until yesterday October 8th, 2018.  As a result of not receiving any notice I am requesting an extension to supply the court with additional information and to de-mitigate the complexity of requesting discoverable highly classifiable intelligence via the CIA and this court.  To the best of my knowledge the discoverable information I've requested regarding my person, may require a complex declassification process as a result of being classified under Executive Order 13526 and was seeking to alert the court of this potential proceeding associated with the classified information procedures act (CIPA).
>
> Further as I was only notified of this as of yesterday the 8th of October, I am requesting an extension to release information to the court in order to properly be heard during a complex declassification request.

Motion for Extension at 1.  The phrase "this memorandum opinion" appears to refer to the Court's Order to Show Cause.  Motion for Extension at 1.

## **LAW REGARDING EXTENSIONS OF TIME**

Rule 6(b) of the Federal Rules of Civil Procedure governs the circumstances under which a court can grant a party an extension of time to perform a specific act.  The rule states:

**(b) Extending Time.**

> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> **(2)** **Exceptions.** A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b). "Good cause," necessary for an extension of time under rule 6(b)(1)(A), "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary 692 (6th ed. 1990). See Black's Law Dictionary 251 (9th ed. 2009)("good cause... A legally sufficient reason."). Showing good cause for an extension of time is not a particularly demanding requirement. See United States v. Bd. of Cnty. Comm'rs, No. CIV. 08-0501 JB/WPL, 2010 WL 965607, at *4 (D.N.M. February 18, 2010)(Browning, J.)(granting an extension of time for good cause when "many of the impediments to timely filing a response . . . were the result of poor decision-making on the part of Ramirez' counsel," while "others were seasonal circumstances that a party filing a dispositive motion on Christmas Eve might foresee the opposing party raising"); United States v. Portillo-Quezada, Nos. 03-20051, 08-2295, 2010 WL 396309, at *1 (D. Kan. Jan. 27, 2010)(Lungstrum, J.)(finding good cause where the attorney argued only that he "needs additional time to contact a witness for the Government at the trial of this case who may recant or change her testimony in material respects. Completion of research and drafting of the memorandum in support is also needed"); Weingarten v. Optima Commc'n Sys., Inc., 544 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2008)(Scheindlin,

J.)("Under Rule 6(b)(1)(A) . . . the court may, for good cause, extend the time to move if a request is made before the original time period expires.").

On the other hand, "a finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." In re Four Seasons Sec. Law Litig., 493 F.2d 1288, 1290 (10th Cir. 1974)(Doyle, J.); Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987)(Baldock, J.)("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." (internal quotation marks and emphasis omitted)). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005)(Briscoe, J.). Excusable neglect, therefore, is a higher burden than good cause.

## **ANALYSIS**

Having carefully reviewed the Motion for Extension, and the Court record, the Court will deny Kucera's Motion for Extension.

The Court's investigation of the record does not support Kucera's assertion that he did not timely receive notice of the Court's Order to Show Cause. Kucera states that he "did not receive proper notice of this memorandum opinion via pacer.gov until yesterday October 8th, 2018." Motion for Extension at 1. Court records, however, shows that the Court electronically emailed a Notice of Electronic Filing of the Order to Show Cause to Kucera on September 26, 2018. "Upon receipt of a Notice of Electronic Filing (NEF), the recipient will have one opportunity to review, save, and print the document without incurring any PACER fees." CM/ECF Administrative Procedures Manual at 7, (rev. August 2017). Kucera does not dispute that he received a Notice of

Electronic Filing of the Order to Show Cause via email on September 26, 2018.  Kucera has not shown a reasonable basis for not timely filing objections to the Order to Show Cause.  See In re Four Seasons Sec. Law Litig., 493 F.2d at 1290 ("[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period.").

Furthermore, granting Kucera an extension of time to gather the additional information he says he needs would likely be futile.  Kucera states that he is "requesting an extension to supply the court with additional information and to de-mitigate the complexity of requesting discoverable highly classifiable intelligence via the CIA and this Court," and that "[t]o the best of my knowledge the discoverable information I've requested regarding my person, may require a complex declassification process."  Motion for Extension at 1.  Kucera does not explain how "discoverable highly classifiable intelligence" and "discoverable information . . . regarding my person" would be relevant to showing cause why the Court should not restrict him from filing further documents in this case.  The Court determined that "Kucera's Motions constitute frivolous litigation intended to burden the Court's judicial resources" and found that "filing restrictions are appropriate to safeguard the Court from expending valuable resources addressing future frivolous filings."  Order to Show Cause at 1, 3.  It seems unlikely that information that Kucera does not presently possess could show that his previous filings were not frivolous or that Kucera will not continue to file frivolous documents in the future.

**IT IS ORDERED** that Plaintiff's untitled motion for an extension of time to supply the court with additional information, filed October 9, 2018 (Doc. 23), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Gregory Edward Kucera
Santa Fe, New Mexico

    *Plaintiff pro se*